**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
T: (973) 256-9000
*Attorneys for Defendant Walmart Inc.*

| | |
|---|---|
| MARINA COOK,<br><br>     Plaintiff,<br><br>v.<br><br>WALMART INC and ABC 1-10 Property Owners, (names being fictitious and unknown), DEF 1-10 Property Management Companies, (names being fictitious and unknown), GHI 1-10 Contractors, (names being fictitious and unknown),<br><br>     Defendant. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Civil Action No.<br><br>**NOTICE OF REMOVAL** |

   PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. (hereinafter "Walmart"), a Delaware corporation with its principal place of business in Bentonville, Arkansas, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey, based upon the following:

   1.  On or about July 27, 2021, Plaintiff Marina Cook commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Monmouth County, entitled MARINA COOK v. WALMART INC and ABC 1-10 Property Owners, (names being fictitious and unknown), DEF 1-10 Property Management Companies, (names being fictitious and unknown), GHI 1-10 Contractors, (names being fictitious and unknown), Docket No. MON-L-2603-21 (the "Complaint").

2.  According to the Affidavit of Service filed by Plaintiff on August 3, 2021, the Summons, Complaint (which included discovery requests), Civil Case Information Statement and Track Assignment Notice were served on Walmart on July 30, 2021.

3.  July 30, 2021 was the first date on which Walmart received copies of the Summons, Complaint, Civil Case Information Statement and Track Assignment Notice through service or otherwise.

4.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, Civil Case Information Statement and Track Assignment Notice, which constitute all process, pleadings and orders served upon Walmart are attached hereto as Exhibit "A". Additionally, a true and correct copy of the Affidavit of Service referred to in Paragraph 2 is attached hereto as Exhibit "B".

5.  This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

6.  Based upon the allegations in the Complaint, Plaintiff is a resident and citizen of the State of New Jersey, residing in West Long Branch, New Jersey.

7.  Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

8.  Walmart Inc. is not a citizen of the State of New Jersey, where Plaintiff resides and is a citizen.

9. Diversity of citizenship existed among the parties when the Complaint was filed on or about July 27, 2021. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

10. The Complaint alleges that on or about September 5, 2019, Plaintiff Marina Cook was a business invitee at the Walmart store located at 3575 Route 66, Neptune, New Jersey, when she was allegedly caused to fall and suffer severe bodily injuries. Complaint, ¶¶ 1, 4. The Complaint also alleges that Plaintiff's injuries were a direct and proximate result of defendants' negligence. *Id.*, ¶ 4. The Complaint further alleges that Plaintiff "has incurred and will in the future incur expenses for the treatment of these injuries; has been disabled and it the future will be disabled and unable to perform her usual functions." *Id.*, ¶ 4. The Complaint goes on to allege that the injuries have "caused Plaintiff great pain and suffering and have required medical treatment, all to Plaintiff's great loss and damage." *Id.*, ¶ 4.

11. The Complaint does not explain the nature of Plaintiff's alleged injuries, nor is the amount in controversy discernible from the language in the Complaint.

12. On August 20, 2021, defense counsel sent Plaintiff's counsel via email, facsimile and regular mail, a Stipulation Regarding Plaintiff's Damages. On August 27, 2021, defense counsel again sent Plaintiff's counsel via facsimile a Stipulation Regarding Plaintiff's Damages. A copy of both letters and the proposed stipulation is attached hereto as "Exhibit C".

13. On August 27, 2021, defense counsel spoke with Plaintiff's counsel, who advised that he would not stipulate that Plaintiff's damages do not exceed $75,000.00. In that call, Plaintiff's counsel disclosed additional information about his client's alleged injuries, which were injuries to her right shoulder, including a torn rotator cuff, resulting in surgery.

14. August 27, 2021 was the first day on which Walmart received confirmation from which it ascertained that this matter is removable to Federal Court. Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days of Walmart's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

15. While Walmart denies all liability to Plaintiff and denies that Plaintiff is entitled to any of the relief sought by the Complaint, based upon the allegations of the Complaint and the injuries alleged, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

16. Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. § 1441.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Monmouth County, and is being served upon Plaintiff.

18. In filing this Notice of Removal, Walmart does not waive any defects in service of process, venue or personal jurisdiction.

19. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
*Attorneys for Defendant Walmart Inc.*

By:  */s/ Ola A. Nunez*
　　　Ola A. Nunez

Dated: August 27, 2021

- 5 -

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Monmouth County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Walmart's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

                          SCHOEMAN UPDIKE KAUFMAN
                          & GERBER LLP
                          *Attorneys for Defendant Walmart Inc.*

                          By:       */s/ Ola A. Nunez*
                                       Ola A. Nunez

Dated: August 27, 2021

CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served via first class mail, a true and correct copy of the foregoing Notice of Removal on:

Jeffrey V. Stripto, Esq.
LAW OFFICES OF ROY D. CURNOW
900 Highway 71
Spring Lake Heights, New Jersey 07762
*Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

                                        */s/ Ola A. Nunez*
                                        Ola A. Nunez

Dated:  August 27, 2021