# EXHIBIT "A"

LAW OFFICE OF ROY D. CURNOW
Roy D. Curnow – NJ Attorney ID No. - 019081978
900 Highway 71
Spring Lake Heights, New Jersey 07762
(732) 449-3304
Attorney for Plaintiff, MARINA COOK

================================================================

| | |
|---|---|
| MARINA COOK, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | COUNTY OF MONMUTH |
| | DOCKET NO. MON-L-2603-21 |
| -vs- | : |
| WALMART INC., and ABC 1-10 Property Owners, (names being fictitious and unknown) DEF 1-10 Property Management Companies, (names being fictitious and unknown) GHI 1-10 Contractor, (names being fictitious and unknown, | :           Civil Action |
| | :           S U M M O N S |
| | : |
| | : |
| Defendants, | |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .: | |

FROM THE STATE OF NEW JERSEY TO THE DEFENDANT, WALMART, INC,
================================================================

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The Complaint attached to this Summons states the basis for this lawsuit.  If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the Deputy Clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this Summons, not counting the date you received it.  (The address of each Deputy Clerk of the Superior Court is provided.)  If the Complaint is one in foreclosure, then you must file your written Answer or Motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, Post Office Box 971, Trenton, New Jersey 08625.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed.  You must also send a copy of your Answer or Motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within thirty-five (35) days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the County where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated:   July 28, 2021                                        /s/ *Michelle M. Smith*

                                                              Michelle M. Smith, Clerk of the Superior Court

Name of Defendant to be served:    General Manager / Person-in-Charge
Address for Service:                        3575 NJ 66, Neptune City, NJ 07753

**LAW OFFICE OF ROY D. CURNOW**
Roy D. Curnow – NJ Attorney ID No. - 019081978
900 Highway 71
Spring Lake Heights, New Jersey 07762
(732) 449-3304
Attorney for Plaintiff, MARINA COOK

| | |
|---|---|
| MARINA COOK<br>        Plaintiffs,<br><br>v.<br><br>WALMART INC and ABC 1-10 Property Owners, (names being fictitious and unknown), DEF 1-10 Property Management Companies, (names being fictitious and unknown), GHI 1-10 Contractors, (names being fictitious and unknown),<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br>DOCKET NO.: MON-L-<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND<br>AND DISCOVERY DEMANDS** |

      The plaintiff, MARINA COOK, residing at 1 Thompson Street, in the Borough of West Long Branch, County of Monmouth and State of New Jersey, complaining of the defendants, say:

## FIRST COUNT

      1.      On or about September 5, 2019, plaintiff MARINA COOK was a business invitee at the WALMART INC located at 3575 NJ 66 in the Borough of Neptune City, County of Monmouth, and State of New Jersey.

      2.      At all relevant times prior to the subject accident and thereafter defendant, WALMART INC., by its agents, servants and/or employees, owned, occupied, controlled by deed, lease or otherwise and/or maintained the aforesaid premises.

3. At the aforesaid time and place these defendants carelessly, negligently and recklessly failed to maintain the said premises by:

   a) Failing to inform plaintiff of the hazardous condition located within the premises.

   b) Failing to take reasonable and prudent steps to alleviate the hazardous condition.

   c) Was in other ways negligent.

4. As a direct and proximate result of defendants' negligence, plaintiff, MARINA COOK was caused to fall and suffer severe bodily injuries, some of which are permanent in nature; has incurred and will in the future incur expenses for the treatment of these injuries; has been disabled and in the future will be disabled and unable to perform her usual functions. These injuries have caused plaintiff great pain and suffering and have required medical treatment, all to plaintiff's great loss and damage.

**WHEREFORE,** plaintiff, MARINA COOK demands judgment against defendant, WALMART INC., their agents, servants and/or employees, jointly and severally, for damages, together with interest, attorneys' fees and costs of suit.

## SECOND COUNT

1. Plaintiff, MARINA COOK repeats and re-alleges by reference each and every allegation contained in the First Count and incorporates the same by reference as though fully set forth herein.

2. The defendants, ABC 1-10 Property Owners, DEF 1-10 Property Management Companies, and GHI 1-10 Contractors, are fictitious names for defendants and entities, the identities of which are unknown at the present time. Plaintiff, MARINA COOK reserves the right to amend this complaint to allege the true and proper names of said defendants once they become known through pre-trial discovery and/or through continuing investigation.

3.  As a direct and proximate result of the above fictitious defendants' negligence, carelessness and recklessness plaintiff, MARINA COOK was caused to fall and suffer severe bodily injuries, some of which are permanent in nature; has incurred and will in the future incur expenses for the treatment of these injuries; has been disabled and in the future will be disabled and unable to perform her usual functions. These injuries have caused plaintiff great pain and suffering and have required medical treatment, all to plaintiff's great loss and damage.

**WHEREFORE,** the plaintiff, MARINA COOK demands judgment against the defendants, ABC 1-10 Property Owners, DEF 1-10 Property Management Companies, and GHI 1-10 Contractors, jointly, severally and/or, in the alternative, for past and future damages, including but not limited to, pain, suffering, disability, medical bills and lost wages, together with interest and costs of suit.

## REQUEST FOR PERMISSION TO VIEW PREMISES

Plaintiff hereby demands, pursuant to R.4:18-1, that her legal representatives be permitted entry upon the premises where plaintiff was injured, located at 3575 NJ 66, Neptune, New Jersey within forty-five (45) days from the service of the complaint for the purpose of inspecting and/or photographing the area where the incident complained of occurred.

## DEMAND FOR PRODUCTION OF INTERROGATORIES

PLEASE TAKE NOTICE that pursuant to R. 4:17, plaintiff hereby demands that each defendant provide to this office responses to Form C and C(2) Interrogatories.

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendant produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

3

1. The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page there from.
2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.
3. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.
4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority, or other entity concerning anything relevant to the incident in question.
5. Copies of any and all documentation, including but not limited to, any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.
6. Copies of any and all contracts between any of the parties involved in the incident in question.
7. Copies of any and all documentation concerning any lease agreements between the lessor(s) and the lessee(s) concerning the incident in question.
8. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect, or otherwise relate to the incident in question or any potential defense to the action in question.
9. Copies of any and all permits applied for by the parties to the action in question concerning the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

10. Copies of any and all permits received by the parties to the action in question concerning the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

11. Copies of any and all discovery received from any other parties to the action in question.

12. Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.

13. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

14. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

15. A list of employees present at the job site or accident site, their names, addresses and job titles.

16. Please be advised that the plaintiff hereby objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of the defense examination.

17. Any emails, electronic messages, letters, memos or other documents concerning the accident in question. Any and all incident reports prepared as a result of the accident of September 5, 2019.

18. Any and all computer, electronic, or email messages created in the first 48 hours immediately after the accident of September 5th, 2019, by and between the defendant and any agents or parties relating to the facts, circumstances, or actual investigation of the incident as well as any computer messages which related to the particular incident, whether generated or received by you or your guest.

## SUPPLEMENTAL INTERROGATORIES

1. Please identify all parties responsible for the construction, maintenance and of the store aisles from January 1, 2019, to December 31, 2019.

2. Names and addresses of all persons employed by the Walmart Supercenter, Neptune City, New Jersey who investigated this matter and/or provided assistance, or any independent contractor hired to provide security or maintenance who investigated this accident and provided assistance.

3. Names and addresses of security personnel who were either employed by the Walmart Supercenter or hired by the Walmart Supercenter and on duty on September 5, 209 at the time of the accident.

4. The names and addresses of any independent contractors providing maintenance services to the area where plaintiff fell within five (5) years prior to the subject accident.

5. The names and addresses of any and all employees who provided janitorial services of any kind related to the floor in question.

6. Prior to plaintiff's accident, when the last time that the defendants inspected the aisles and surrounding areas and by whom?

7. Please state whether the defendants had ever been advised that someone fell in the Walmart Supercenter in question prior to plaintiff's accident. If so, please identify who fell, their address, where they fell and the docket numbers of any resultant lawsuits.

8. Please state whether the defendants had received any complaints about the aisles and surrounding areas.

9. Please state whether there is a sign warning patrons of the water on the floor at the time of the accident.

**DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

Pursuant to R.4:10-2(b), demand is hereby made that defendant disclose to Plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide Plaintiff's attorney with true copies of such insurance agreements or policies

6

including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe, PUP (Personal Umbrella Policy) and umbrella policies.

## JURY DEMAND

**PLEASE TAKE NOTICE** that pursuant to *R*. 4:35-1, the plaintiff demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that, pursuant to R. 4:18-4, Jeffrey V. Stripto, Esq. is hereby designated as trial counsel in the above captioned matter.

## CERTIFICATION

I hereby certify that this matter is not the subject matter of any other suit presently pending in any other court or in any Arbitration proceedings. At this time, no other court proceeding, or Arbitration proceeding is contemplated.

Dated: July 26, 2021

LAW OFFICE OF ROY D. CURNOW

JEFFREY V. STRIPTO
Attorneys for Plaintiff

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-002603-21**

**Case Caption:** COOK MARINA VS WALMART, INC.
**Case Initiation Date:** 07/27/2021
**Attorney Name:** JEFFREY VINCENT STRIPTO
**Firm Name:** ROY D. CURNOW
**Address:** 900 ROUTE 71
SPRING LAKE NJ 077620000
**Phone:** 7324493304
**Name of Party:** PLAINTIFF : Cook, Marina
**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Marina Cook?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/27/2021
Dated

/s/ JEFFREY VINCENT STRIPTO
Signed

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD            NJ 07728
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    JULY 27, 2021
                         RE:      COOK MARINA   VS WALMART, INC.
                         DOCKET:  MON L -002603 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON KERRY E. HIGGINS

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     004
 AT:  (732) 358-8700.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: JEFFREY V. STRIPTO
                                    ROY D. CURNOW
                                    900 ROUTE 71
                                    SPRING LAKE      NJ 07762

ECOURTS
```